ELLIS, Judge.
In this case, Walter Joseph Pitre is seeking workmen’s compensation benefits for permanent and total disability. On April 8, 1965, plaintiff, a welder’s helper, was engaged in cleaning the top of a tank when he slipped and fell. In falling, he grasped a hot pipe with his right hand and suffered burns thereto, and struck his right elbow and shoulder. He saw Dr. Thomas Haydel on the date of the accident and was treated for the burn on his hand. By April 17, when the burn had healed, plaintiff had no other complaints and was discharged as being able to return to work. During the course of treatment, plaintiff had complained of numbness in his right hand, but by the 17th these complaints were not present.
According to plaintiff’s testimony, he was unable to work although he tried to do so for three days shortly after he was injured. From that time until June 24, plaintiff did not work, although he made no complaint to anyone of any disability. On June 24, 1965, he returned to Dr. Haydel, complaining of pain in his elbow and numbness and tingling in his right forearm and hand. Dr. Haydel suspected an ulnar nerve injury and referred him to Dr. Dabezies, an orthopedic surgeon. Dr. Dabezies examined Pitre on September 7, 1965, performed an anterior transposition of the ulnar nerve. After the operation, Dr. Dabezies continued to treat Mr. Pitre and discharged him as able to return to work on February 18, 1966. At that time, plaintiff was still complaining of various symptoms, but Dr. Dabezies found that these complaints were not consistent with the physical findings which he made in-his examination of Mr. Pitre. He did find a 5% permanent disability of the right arm, but did not consider this to disable him from working as a welder-helper. Based on Dr. Dabezies’ opinion, compensation payments were discontinued. Compensation was paid plaintiff from June 24, 1965, through March 31, 1966. Nothing was paid him for the period from April 8, 1965, until June 24, 1965.
*833 Dr. Daniel C. Riordan also saw Mr. Pitre, and his opinion was substantially the same as that of Dr. Dabezies. He also found that Mr. Pitre’s complaints were not justified by the physical findings which he made in his examination.
Mr. Pitre consulted Dr. Byron Unkauf who was of the opinion that he was still disabled, not only as a result of the ulnar nerve condition, but also as a result of a suspected cervical disc lesion which Dr. Unkauf felt resulted from the accident.
On the trial of the case, Mr. Pitre testified that he was unable to use his right hand and arm at all, and further testified that he had never before made any workmen’s compensation claims. Both testimony and motion pictures were put on by the defendant to show that Mr. Pitre had, in fact, used his right arm and hand, and the records in three workmen’s compensation cases involving Mr. Pitre were filed in evidence.
The district judge, on the basis of all of the above testimony, found that Mr. Pitre had not proved that he was permanently and totally disabled and rendered judgment in favor of the defendants, dismissing the case. From that judgment, plaintiff has appealed.
After reviewing the record, we are unable to say that the finding of the district judge as to disability is manifestly erroneous. Plaintiff’s veracity, to say the least, is suspect. Since his symptoms are subjective in nature, his truthfulness in describing these to an examining physician is the heart of the case. In view of the inconsistencies in his testimony, we think the district judge properly gave less weight to medical opinion which was based on an acceptance of plaintiff’s statements as to his symptoms.
However, we do believe that plaintiff is entitled to compensation for the period between April 8 and June 24, 1965. He was injured on April 8, and his disability continued for more than six weeks. We note that he was given a job picking up paper, shortly after his injury, and worked for three days. However, no demand for compensation was made, and he apparently did not notify his employer of his inability to work after his three day stint, until June 24, at which time payments were begun. For these reasons, we do not believe plaintiff is due penalties or attorney’s fees because of an arbitrary refusal to pay compensation during that period.
The judgment appealed from is therefore reversed and there will be judgment in favor of plaintiff and against defendants for workmen’s compensation benefits at $35.00 per week, from April 8, 1965, through June 23, 1965, subject to a credit for the three days during which plaintiff worked for his employer. All costs are to be paid by defendant.
Reversed and rendered.